NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREW WELDON,                )
                             )
           Appellant,       )
                             )
v.                         )      Case No. 2D14-3466
                             )
STATE OF FLORIDA,       )
                             )
           Appellee.        )
_____)

Opinion filed August 21, 2015.

Appeal from the Circuit Court for
Pinellas; Philip J. Federico, Judge.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SALARIO, Judge.

       In this appeal filed pursuant to Anders v. California, 386 U.S. 738 (1967),

Andrew Weldon challenges the judgment and sentence entered after he pleaded no

contest to two counts of sale of cocaine, two counts of possession of cocaine, two

counts of sale of marijuana, and two misdemeanor counts of possession of marijuana.

Mr. Weldon received concurrent 7.1-year habitual felony offender sentences for each of the six felony counts and time-served for the two misdemeanors. The trial court waived his fees and costs on all counts. Mr. Weldon did not reserve any specific issues for appeal, and we affirm his convictions and sentences without comment. We write only to direct the correction of a scrivener's error related to the imposition of costs that appears on the face of his written sentences.

Mr. Weldon filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), seeking to have the imposition of costs stricken from his written sentences on counts two through six, where no such costs were orally imposed as part of his plea agreement. The written sentence on count one correctly reflected the waiver of these costs. The trial court issued an order clarifying that no such costs were imposed on any of the sentences because they were waived. However, the newly entered judgment and sentence following the entry of the rule 3.800(b)(2) order still reflects the imposition of costs on the sentences for counts two through six. Accordingly, we remand solely for the correction of the written sentences on those counts to reflect that the costs were waived. See Skinner v. State, 155 So. 3d 497 (Fla. 5th DCA 2015).

Affirmed; remanded with instructions.


WALLACE and KHOUZAM, JJ., Concur.